# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MOSE PRESCOTT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-277 |
| ) | |
| CHATHAM COUNTY ) | |
| DETENTION CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Mose Prescott, Jr. has filed this 42 U.S.C. § 1983 case alleging that his mail is improperly handled by staff at the Chatham County Detention Center. *See generally* doc. 6. The Court previously screened his Complaint, pursuant to 28 U.S.C. § 1915A, and directed him to amend it.[1] *See id.* at 8. It additionally directed him to include a statement concerning the appearance that he had either received or provided informal legal assistance in preparing his prior pleading. *See*

---

[1] The Court also recommended that Chatham County Detention Center be dismissed as it is not an entity subject to suit. *See* doc. 6 at 2-3. The Report and Recommendation dismissing the Chatham County Detention Center remains pending before the District Judge. *See id.* Prescott's Amended Complaint omits the Detention Center as a defendant. *See* doc. 7 at 2.

*id.* at 8-11. The Court expressly warned him that "failure to include [one of the alternative statements concerning informal assistance] will be construed as a failure to comply with a court order," and could subject his case to dismissal. *Id.* at 11. Prescott has filed his Amended Complaint but has failed to comply with the Court's instruction. *See generally* doc. 7.

The Court's warning concerning the potential consequences for failing to comply with its instructions was not an idle threat. The Federal Rules provide that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," an action may be dismissed. Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order." *Royster v. Darling*, 195 F. App'x 537, 538 (8th Cir. 2006). This Court's Local Rules authorize dismissal for "[w]illful disobedience or neglect of any order of the Court." S.D. Ga. L. Civ. R. 41.1(b). "The district court's power to dismiss is an inherent aspect of its authority to enforce its orders," *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006), and "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not

an abuse of discretion.'" *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). There can be no question that Prescott received the Court's prior Order, as he complied with its instruction to amend his Complaint. The Court can only conclude, therefore, that his failure to include the required statement was willful disobedience. So construed, his Amended Complaint should be **DISMISSED**.

In addition to Prescott's disregard of the Court's instructions, his Amended Complaint's allegations of unconstitutional interference with his legal mail are, at best, ambiguous. His factual allegations state that unidentified Detention Center employees opened "legal mail *to include* mail from" his attorney, copied it, provided him with the copy, and stored the original outside his presence. Doc. 7 at 4, 5, 7 (emphasis added). As explained in more detail in the Court's prior Order, the facts alleged are consistent with a potential claim. *See* doc. 6 at 4-6 (citing, *inter alia.*, *Christmas v. Nabors*, 76 F.4th 1320, 1328 (11th Cir. 2023)). However, while the Court does not conclude that Prescott's allegation is insufficient to state a claim, the qualification is confusing. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

3

possibility and plausibility of entitlement to relief." (internal quotation marks and citation omitted)). Given Prescott's clear disregard of the Court's Order, upon which side of the possibility-plausibility line his allegation falls is moot.

In summary, Prescott's Amended Complaint should be **DISMISSED** for his disregard of the Court's Order.[2] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

[2] To the extent that Prescott contends that his disregard of the Court's instructions was not willful, he is free to explain his failure in the objections period, discussed below. To the extent that he does, he remains subject to the Court's prior Order. Doc. 6 at 10-11. To be clear: he is **DIRECTED**, again, to include the required statement in any objection, or other response, he files. *See id.* at 11.

Moreover, to the extent that he seeks to pursue this case, he should also clarify the qualified allegations of interference with his legal mail, as discussed above. To facilitate his preparation of any Second Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Prescott is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).

4

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 1st day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA